IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **KATHY POOL,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | 1:10-CV-03158-TWT-AJB |
| v. | : | |
| | : | |
| **BANK OF AMERICA, NA and** | : | |
| **MCCALLA RAYMER, LLC,** | : | |
| | : | |
| Defendants. | : | |

**ORDER FOR SERVICE OF**
**REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for

AO 72A
(Rev.8/82)

obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  3d  day of   November  , 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHY POOL, :<br>:<br>    Plaintiff, :<br>:<br>v. :<br>:<br>BANK OF AMERICA, NA and :<br>MCCALLA RAYMER, LLC, :<br>:<br>    Defendants. : | CIVIL ACTION FILE NO.<br>1:10-CV-03158-TWT-AJB |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

On October 4, 2010, Plaintiff sought leave to proceed *in forma pauperis* to bring a civil action against two Defendants - - Bank of America, NA ("BOA"), and McCalla Raymer, LLC ("McCalla Raymer") (collectively "Defendants").[1] [*See* Doc. 1]. The Court entered an order on October 12 granting Plaintiff's application to proceed *in forma pauperis*, but directed Plaintiff to re-plead her boilerplate complaint within 21 days of the order so that the Court could perform a review under 28 U.S.C.

---

[1] Plaintiff's complaint raises claims against Defendants under the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 *et seq.* ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and under State law to quiet title. [Doc. 3].

§ 1915(e)(2)(B).  The Clerk sent the Court's order to Plaintiff by certified mail. [*See* Dkt. Entry dated 10/12/2010].  Plaintiff has refused to accept the Court's certified mail. [*See* Dkt. Entry dated 10/26/2010].  Also, Plaintiff has missed the deadline for repleading, [*see* Dkt.], and therefore has not complied with the Court's order.

Under this Court's Local Rules, the Court may dismiss a case if a party "fail[s] or refuse[s] to obey a lawful order of the court in the case."  N.D. Ga. R. 41.3A(2). Also, the Eleventh Circuit has stated: "Implicit in [a court's] instruction [to replead a shotgun pleading] is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions."  *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001);  *see Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001) (suggesting that it is sufficient to give a plaintiff who has filed a shotgun pleading one chance to replead correctly); *see also Giscombe v. ABN Amro Mortg. Group, Inc.*, 680 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (Batten, J.) (dismissing case after plaintiff filed a second shotgun complaint).

The undersigned concludes that Plaintiff's complaint should be dismissed for failing to comply with the Court's lawful order.  Plaintiff has not attempted to remedy the pleading deficiencies outlined in some detail in the Court's October 9, 2010, Order.

Instead, Plaintiff has refused mail from this Court. The refusal to accept mail and the failure to remedy the deficiencies in the defective complaint demonstrate the futility of lesser sanctions because Plaintiff is unwilling to comply with or even accept delivery of orders issued by the Court.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to comply with a lawful Court order under Local Rule 41.3A(2). *See also Allen v. Litton Loan Servicing*, 1:10-cv-1562-TWT, 2010 WL 3304287, *1 (N.D. Ga. July 23, 2010) (adopting R&R and dismissing case where plaintiff failed to comply with magistrate judge's order to replead shotgun, boilerplate complaint).

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 3rd day of November, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

3